UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NIAGARA MOHAWK POWER CORPORATION,

                          Plaintiff,

               vs

CONSOLIDATED RAIL CORPORATION; THE
KING SERVICE, INC.; UNITED STATES STEEL
COMPANY; EDWIN D. KING; LAWRENCE
KING; RICHARD B. SLOTE; CHEVRON U.S.A.,     5:98-CV-1039
INC.; PORTEC, INC.; and AMERICAN PREMIER
UNDERWRITERS, INC.;

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHEVRON, U.S.A., INC.,

                          Third-party Plaintiff,
               vs

THE COUNTY OF RENSSELAER; and THE COUNTY
OF RENSSELAER SEWER DISTRICT NO. 1,

                          Third-party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| NIAGARA MOHAWK POWER CORPORATION<br>Plaintiff<br>300 Erie Boulevard West<br>Syracuse, New York 13202 | JOHN T. PARKINSON, ESQ.<br>Managing Counsel |
| SWIDLER, BERLIN, L.L.P.<br>Attorneys for Plaintiff<br>3000 K Street, N.W., Suite 300<br>Washington, D.C. 20007 | MILISSA A. MURRAY, ESQ.<br>THOMAS R. LOTTERMAN, ESQ. |

| | |
|---|---|
| MENTER, RUDIN & TRIVELPIECE, P.C.<br>Attorneys for Defendant Consolidated<br>  Rail Corporation<br>500 South Salina Street, Suite 500<br>Syracuse, New York 13202 | THOMAS JOSEPH FUCILLO, ESQ. |
| WHITEMAN & OSTERMAN<br>Attorneys for Defendants King Service, Inc.,<br>  Edwin D. King, Lawrence King, and<br>  Richard B. Slote<br>One Commerce Plaza, Suite 1900<br>Albany, New York 12260 | JOSEPH D. STINSON, ESQ.<br>SCOTT T. DECKER, ESQ. |
| USX CORPORATION<br>600 Grant Street, Room 1500<br>Pittsburgh, Pennsylvania 15219 | DAVID L. SMIGA, ESQ. |
| DEVORSETZ, STINZIANO, GILBERTI,<br>  HEINTZ & SMITH, P.C.<br>Attorneys for Defendant United States<br>  Steel Company<br>555 East Genesee Street<br>Syracuse, New York 13202-2159 | KEVIN C. MURPHY, ESQ.<br>TIMOTHY J. LAMBRECHT, ESQ. |
| LAFAVE & ASSOCIATES<br>Attorneys for Defendant and Third-party<br>  Plaintiff Chevron U.S.A., Inc.<br>822 Delaware Avenue<br>Delmar, New York 12054 | PATRICK J. HIGGINS, ESQ. |
| BOND, SCHOENECK & KING<br>Attorneys for Defendant Portec, Inc.<br>111 Washington Avenue<br>Albany, New York 12210 | ARTHUR J. SIEGEL, ESQ.<br>KIMBERLEE S. PARKER, ESQ. |
| ORRICK & HERRINGTON<br>Attorneys for Defendant American<br>  Premier Underwriters, Inc.<br>666 Fifth Avenue<br>New York, New York 10103 | JAMES J. CAPRA, JR, ESQ.<br>SIOBHAN A. HANDLEY, ESQ. |

＊
＊

| | |
|---|---|
| OFFICE OF RENSSELAER COUNTY ATTORNEY<br>Attorney for Third-party County Defendants<br>41 Second Street<br>Troy, NY 12180 | STEPHEN A. PECHENICK, ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

### I. **INTRODUCTION**

On May 10, 2005, the United States Court of Appeals for the Second Circuit issued a Mandate remanding this matter for consideration in light of Cooper Indus., Inc. v. Aviall Services, Inc., 543 U.S. 157, 125 S. Ct. 577 (2004). The Mandate was filed on May 16, 2005.

Accordingly, defendants Chevron U.S.A., Inc. ("Chevron"); Consolidated Rail Corporation ("Conrail"); King Service, Inc. ("King");[1] and Portec, Inc. ("Portec") filed briefs addressing the issue as set forth in the Mandate. United States Steel ("USX") noted that it is not affected and would not submit a brief. Plaintiff Niagara Mohawk Power Corporation ("Niagara Mohawk") responded. The matter was taken on submission without oral argument.

### II. **BACKGROUND**

On November 6, 2003, a Memorandum-Decision and Order was entered setting forth a detailed background of this case and disposing of multiple motions of the parties. See Niagara Mohawk Power Corp. v. Consol. Rail Corp., 291 F. Supp. 2d 105

---

[1] Individual defendants Edwin King, Lawrence King, and Richard Slote were officers of King Service, Inc. For simplification, this opinion will refer to King as the corporation and these individual defendants collectively.

3

(N.D.N.Y. 2003). Familiarity with that decision is assumed. The rulings resulted in Conrail, defendant American Premier Underwriters ("APU"), USX, and Portec being out of the case. King filed a Notice of Appeal with the Second Circuit Court of Appeals on December 8, 2003. It subsequently stipulated to the withdrawal of this appeal.

In early 2004, Niagara Mohawk, USX, Conrail, APU, Portec, and King moved for partial final judgment. That motion was granted and a partial final judgment was entered on March 3, 2004. See Niagara Mohawk Power Corp. v. Consol. Rail Corp., 306 F. Supp. 2d 282, 288 (N.D.N.Y. 2004). Pursuant to the request of Niagara Mohawk, an amended judgment adding dismissal of all defendants' counterclaims for contribution under CERCLA was entered on March 11, 2004.[2] Niagara Mohawk appealed. King and Chevron cross-appealed. On December 12, 2004, the United States Supreme Court decided Cooper Industries and the remand followed.

## III. DISCUSSION

In Cooper Industries, the Court held that a private party that had not been sued under § 106 or § 107(a) of the Comprehensive Environmental Response Compensation and

---

[2] Judgment was entered (1) granting summary judgment in favor of APU, Conrail, Portec, and USX on Niagara Mohawk's CERCLA contribution claims (Count I of the Amended Complaint); (2) granting summary judgment in favor of Chevron on Niagara Mohawk's CERCLA contribution claim as to Area 4 (Count I of the Amended Complaint); (3) dismissing Niagara Mohawk's New York Navigation Law claims (Counts II and III of the Amended Complaint) as against all defendants; (4) dismissing Niagara Mohawk's state contribution, indemnification, and public nuisance claims (Counts IV, V, and VII) as against all defendants; (5) dismissing all cross-claims asserted against USX, Conrail, APU, and Portec, (6) dismissing all defendants' counterclaims for contribution under CERCLA; (7) dismissing the third-party action; and (8) dismissing all claims and cross-claims against Chevron relating to Area 4.

Remaining for resolution was whether Niagara Mohawk's response costs were consistent with the National Contingency Plan ("NCP"), a prerequisite for a finding of CERCLA liability, with regard to its CERCLA claims against King (Area 2) and Chevron (Areas 2 and 3). If Niagara Mohawk established consistency with the NCP, then damages would be apportioned. Also remaining for resolution were Chevron's counterclaims against Niagara Mohawk and cross-claims against King, as well as King's counterclaims against Niagara Mohawk and cross-claims against Chevron.

Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-75, cannot bring a claim for contribution pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1).  543 U.S. at 160-61, 125 S. Ct. at 580.  Niagara Mohawk concedes that under <u>Cooper Industries</u> its claim for contribution under § 9613(f)(1) does not lie.  However, it contends that it is entitled to pursue contribution claims pursuant to § 9613(f)(3)(B) and CERCLA § 107(a).  Accordingly, it seeks leave to amend the complaint to assert those contribution claims, also arguing that such claims are not time barred.  Finally, Niagara Mohawk contends that supplemental jurisdiction over its state law claims should be retained.

### A. <u>Contribution Claim under § 9613(f)(3)(B)</u>

The basis for Niagara Mohawk's contention that a contribution claim under § 9613(f)(3)(B) will lie is a 2003 revision of a Consent Order entered into with the New York State Department of Environmental Conservation ("DEC") that purportedly resolved its liability with regard to various sites including the Troy Water Street site at issue in this litigation.  Section 9613(f)(3)(B), which applies to "Persons not party to settlement," provides that

> A person who has resolved its liability to the United States or a
> State for some or all of a response action or for some or all of the
> costs of such action in an administrative or judicially approved
> settlement may seek contribution from any person who is not
> party to a settlement

with the United States or a State and therefore afforded contribution protection pursuant to 9613(f)(2).  42 U.S.C. § 9613.  The Consent Order, dated 1992, that is a part of the record does not meet the statutory prerequisites to seeking contribution under § 9613(f)(3)(B) because it did not resolve liability with the United States or New York State.

5

Niagara Mohawk argues that, pursuant to the 2003 Amended Consent Order, its liability to the State was resolved, therefore meeting the statutory prerequisite of resolution of liability. However, the Amended Consent Order is not a part of the record in this case, and no motion to supplement the record has been made.[3] The Amended Consent Order was executed by Niagara Mohawk on October 22, 2003, and by DEC on November 7, 2003. The first mention of this Amended Consent Order was when Niagara Mohawk apparently attempted to bring it before the appeals court, sometime early in 2005, over one year after its execution. It was around this same time that the document became known to defendants. Accordingly, it would be improper to consider the Amended Consent Order at this late date.

Even if the Amended Consent Order were considered, Niagara Mohawk's argument would fail. It points to three provisions of the 2003 Amended Consent Order: (1) that "Niagara Mohawk shall be deemed to have resolved its liability to the State for purposes of contribution protection provided by CERCLA Section 113(f)(2) for 'matters addressed' pursuant to and in accordance with this Order;" (2) "Furthermore, . . . [Niagara Mohawk] is entitled to seek contribution from any person except those who are entitled to contribution protection under 42 U.S.C. Section 9613(f)(2);" and (3) providing for a release and covenant not to sue pursuant to New York law and "any other provision of State or Federal statutory or common law involving or relating to investigative or remedial activities relative to or arising from the disposal of hazardous wastes or hazardous substances . . . at the Site." (Murray Aff. Ex. A at 20, 7.) However, resolution of liability for state law claims

---

[3] The Amended Consent Order is an attachment to an attorney affidavit submitted in support of Niagara Mohawk's brief on remand, but was not included (or for that matter mentioned) in any prior proceedings, which have been ongoing since 1998.
   It is also noted that Niagara Mohawk sought permission in the Second Circuit to supplement the record on appeal with the Amended Consent Order. Permission was denied.

6

does not meet the statutory prerequisite.  See Consol. Edison Co. of N.Y. v. UGI Utilities, Inc., 423 F.3d 90, 96 (2d Cir. 2005).  Rather, to bring a § 9613(f)(3)(B) claim, CERCLA liability must have been resolved.  See id.  A state has no CERCLA authority absent specific agreement with the federal Environmental Protection Agency.  See W.R. Grace & Co.-Conn. v. Zotos Int'l, Inc., No. 98-CV-838S(F), 2005 WL 1076117, at *4  (W.D.N.Y. May 3, 2005) (citing 42 U.S.C. § 9604).  Here, there is no evidence, argument, or even allegation that federal authorities vested CERCLA authority in the DEC with regard to the agreement between DEC and Niagara Mohawk.  Additionally, although the agreement states that there would be a release and covenant not to sue, the DEC specifically reserved all of its rights to further investigate and require additional remediation related to hazardous waste.  Accordingly, although the  Amended Consent Order may be an administrative resolution of Niagara Mohawk's liability to the State, it does not resolve CERCLA liability and no action pursuant to § 9613(f)(3)(B) can be maintained.[4]

### B.  CERCLA § 107(a) Claim

Niagara Mohawk contends it should be permitted to pursue an implied cause of action for contribution pursuant to § 107(a).  Originally Niagara Mohawk filed a §107(a) claim, but withdrew it after the decision in Bedford Affiliates v. Sills, 157 F.3d 416 (2d Cir. 1998).  The Bedford Affiliates Court held that a potentially responsible person could not maintain a cost recovery claim pursuant to § 107(a).  Id. at 423-24.  Rather, the proper cause of action for a potentially responsible person was a contribution action brought pursuant to § 113(f)(1).  Id.  Subsequently, however, the Supreme Court has held that a § 113(f)(1) cause of action is

---

[4] Because Niagara Mohawk cannot maintain a § 9613(f)(3)(B) claim, it is unnecessary to address the statute of limitations.

not available to a party who was not the subject of a suit brought under § 106 or § 107(a). Cooper Industries, 543 U.S. at 161, 125 S. Ct. at 580.

The Second Circuit considered the anomalous result of these two cases taken together, that is, that seemingly an innocent party who voluntarily sought to remediate hazardous waste would be left without a remedy against potentially responsible parties. See Consol. Edison, 423 F.3d at 99. The Second Circuit therefore distinguished Bedford Affiliates on its facts, finding that the distinction between innocent parties and potentially responsible persons had no basis and therefore an implied cause of action for contribution under § 107(a) was available to a party who had not been sued. Id. at 99-100. The Consolidated Edison Court pointed out that there had been no adjudication of liability, no consent order, and no administrative or judicial settlement, contrasted with the plaintiff in Bedford Affiliates which was subject to two consent orders. Id. at 101-02. The court further noted that there had been no proceeding apportioning costs to the plaintiff, whereas in Bedford Affiliates plaintiff put the extent of its own liability at issue by bringing claims under § 113(f)(1) as well as 107(a). Id. Accordingly, the Consolidated Edison Court "read Bedford Affiliates to hold that a party that has incurred or is incurring expenditures under a consent order with a government agency and has been found partially liable under section 113(f)(1) may not seek to recoup those expenditures under section 107(a)." Id at 102.

The court in Consolidated Edison expressly declined "to revisit Bedford Affiliates  because of critical distinctions between that case and this one." Id. at 100-01 & n.12. Thus, the holding in that case remains good law in this circuit. See Cadlerock Props. Joint Venture v. Schilberg, No. 3:01CV896(MRK), 2005 WL 1683494, at *8-9 (D. Conn. July 19, 2005).

The facts of this case fall squarely within the holding of Bedford Affiliates as the Consolidated Edison Court read it.  Niagara Mohawk is a party that has incurred and is incurring expenditures under two consent orders with the DEC.  See Consol. Edison, 423 F.3d at 102.  Although there has not been an apportionment of liability against Niagara Mohawk in a § 113(f) action, there never has been a question that Niagara Mohawk is liable for some of the response costs as it was the operator of the manufactured gas plant that generated and disposed of coal tar and its associated hazardous waste at the Troy Water Street site that the DEC sought to remediate.  Moreover, it implicitly concedes its liability for some response costs by attempting to recover from the defendants in a contribution action.  Accordingly, Niagara Mohawk cannot bring a claim for contribution pursuant to § 107(a).[5]  See Cadlerock Props. Joint Venture, 2005 WL 1683494, at *9; cf. Consol. Edison, 423 F.3d at 101-02 (finding that where plaintiff's liability was not adjudicated and it was not a party to any consent order, the case was distinguishable from Bedford Affiliates and a §107 (a) claim would lie).

### C. Supplemental State Law Claims

Remaining after dismissal of the CERCLA causes of action is a state law unjust enrichment (restitution) claim.  As there remain no federal causes of action, supplemental jurisdiction over state law claims may be declined.  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1191 (2d Cir. 1996).

Niagara Mohawk argues that judicial economy, comity, convenience, and issues of fairness support retention of supplemental jurisdiction.  Although discovery on

---

[5] The statute of limitations need not be addressed given this resolution of the § 107(a) claim.

liability is complete, discovery on apportionment and damages has yet to begin. Issues of liability have been briefed and decided; however, liability on the unjust enrichment (restitution) claim has not been determined. See Niagara Mohawk Power Corp., 291 F. Supp. 2d at 140 (denying Niagara Mohawk's motion for partial summary judgment as to unjust enrichment/restitution). Declining supplemental jurisdiction would not waste judicial and party resources, since the focus of the litigation to this point has been on the CERCLA claims, and not on any unjust enrichment. A claim for unjust enrichment (restitution) is intimately tied to the (undetermined) issue of apportionment and damages. Unjust enrichment (restitution) is ancillary to the main issue in this case, CERCLA liability for the remediation of hazardous waste. Thus, supplemental jurisdiction will be declined. Further, supplemental jurisdiction will be declined over the Chevron and King unresolved counterclaims and cross-claims, see supra note 2, brought pursuant to state law.[6]

## IV. **CONCLUSION**

Neither the 1992 consent order or the 2003 amended consent order resolve Niagara Mohawk CERCLA liability. Thus, it cannot maintain an action pursuant to § 9613(f)(3)(B). Bedford Affiliates is still good law in this Circuit. Because the facts of this case are indistinguishable from those in Bedford Affiliates, Niagara Mohawk cannot bring a claim for contribution under § 107(a). Judicial economy, convenience, and issues of fairness do not support retention of supplemental jurisdiction over Niagara Mohawk's unjust enrichment (restitution) claim or Chevron and King's unresolved counterclaims and cross-claims.

---

[6] They additionally assert claims under "federal common law;" however, any such claims would be preempted by CERCLA.

Accordingly, it is

ORDERED that

1. All claims brought by Niagara Mohawk Power Corporation pursuant to CERCLA are DISMISSED; and

2. Niagara Mohawk Power Corporation's claims for unjust enrichment (restitution) against Chevron USA, Inc.; and Edwin King, Lawrence King, Richard Slote, and King Services, Inc. are DISMISSED without prejudice;

3. Chevron USA, Inc.'s counterclaims and cross-claims are DISMISSED without prejudice; and

4. Edwin King, Lawrence King, Richard Slote, and King Service, Inc.'s counterclaims and cross-claims are DISMISSED without prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: June 28, 2006
       Utica, New York.