UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NIAGARA MOHAWK POWER CORPORATION,

                      Plaintiff,

       vs

CONSOLIDATED RAIL CORPORATION; THE
KING SERVICE, INC.; UNITED STATES STEEL
COMPANY; EDWIN D. KING; LAWRENCE
KING; RICHARD B. SLOTE; CHEVRON U.S.A.,    5:98-CV-1039
INC.; PORTEC, INC.; and AMERICAN PREMIER
UNDERWRITERS, INC.;

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHEVRON, U.S.A., INC.,

                      Third-party Plaintiff,

       vs

THE COUNTY OF RENSSELAER; and THE COUNTY
OF RENSSELAER SEWER DISTRICT NO. 1,

                      Third-party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| COUNSEL: | APPEARANCES: |
|---|---|
| NIAGARA MOHAWK POWER CORPORATION<br>Plaintiff<br>300 Erie Boulevard West<br>Syracuse, New York 13202-4250 | JOHN T. PARKINSON, ESQ.<br>Managing Counsel |
| BINGHAM MCCUTCHEN LLP<br>Attorneys for Plaintiff<br>2020 K Street, N.W.<br>Washington, D.C. 20006 | MILISSA A. MURRAY, ESQ.<br>THOMAS R. LOTTERMAN, ESQ. |

MENTER, RUDIN & TRIVELPIECE, P.C.
Attorneys for Defendant Consolidated
　Rail Corporation
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498

RICHARD P. FEIRSTEIN, ESQ.
Attorneys for Defendants King Service, Inc.,
　Edwin D. King, Lawrence King, and
　Richard B. Slote
600 Broadway
Albany, New York 12207-2205

USX CORPORATION
600 Grant Street, Room 1500
Pittsburgh, Pennsylvania 15219

THE WLADIS LAW FIRM, P.C.　　　　　　　　　KEVIN C. MURPHY, ESQ.
Attorneys for Defendant United States
　Steel Company
5795 Widewaters Parkway
Syracuse, New York 13214

POWERS & SANTOLA LLP　　　　　　　　　　　PATRICK J. HIGGINS, ESQ.
Attorneys for Defendant and Third-party
　Plaintiff Chevron U.S.A., Inc.
39 North Pearl Street
Albany, New York 12207

BOND, SCHOENECK & KING　　　　　　　　　　KIMBERLEE S. PARKER, ESQ.
Attorneys for Defendant Portec, Inc.
111 Washington Avenue
Albany, New York 12210-2280

ORRICK & HERRINGTON
Attorneys for Defendant American
　Premier Underwriters, Inc.
666 Fifth Avenue
New York, New York 10103-0001

OFFICE OF RENSSELAER COUNTY
  ATTORNEY
Attorney for Third-party County Defendants
1600 Seventh Avenue
Troy, NY 12180

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On January 30, 2008, the United States Court of Appeals for the Second Circuit issued a Mandate remanding this matter for reconsideration in light of United States v. Atlantic Research Corp., __ U.S. __, 127 S. Ct. 2331 (2007). The Mandate was filed in the Northern District of New York on February 29, 2008. The parties were directed to brief the impact, if any, of that decision upon this case. Oral argument was heard on July 8, 2008, in Utica, New York.[1] Decision was reserved.

## II. PROCEDURAL HISTORY

Plaintiff Niagara Mohawk Power Corporation ("NiaMo" or "plaintiff") filed the complaint in this action on July 1, 1998, seeking recoupment of response costs pursuant to the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-75, ("CERCLA"). It filed an amended complaint on May 26, 1999, adding additional defendants and asserting state law claims in addition to its CERCLA claims. Defendants answered and asserted counter claims and cross claims. A third-party action was also initiated.

---

[1] As was stated at oral argument, any issues raised by the parties outside the scope of the directive of the Mandate will not be considered.

A ruling on two defendants' motions to dismiss was entered on May 5, 2000. See Niagara Mohawk Power Corp. v. Consolidated Rail Corp., 97 F. Supp. 2d 454 (N.D.N.Y. 2000). A Memorandum-Decision and Order was issued on November 6, 2003, ruling on various motions and cross motions for summary judgment. See Niagara Mohawk Power Corp. v. Consolidated Rail Corp., 291 F. Supp. 2d 105 (N.D.N.Y. 2003). A motion to direct the entry of a partial final judgment was granted on March 3, 2004. See Niagara Mohawk Power Corp. v. Consolidated Rail Corp., 306 F. Supp. 2d 282 N.D.N.Y. (2004). Appeals and cross appeals were taken. On May 16, 2005, the United States Court of Appeals issued a Mandate dismissing the appeals and cross appeals without prejudice, and remanding the matter for reconsideration in light of Cooper Indus., Inc. v. Aviall Servs., Inc., 543 U.S. 157, 125 S. Ct. 577 (2004). After briefing and oral argument, on June 28, 2006, a Memorandum-Decision and Order was entered following the directive of the Mandate, resulting in dismissal of all CERCLA claims brought by NiaMo followed by entry of a final Judgment. See Niagara Mohawk Power Corp. v. Consolidated Rail Corp., 436 F. Supp. 2d 398 (N.D.N.Y. 2006). Appeals and cross appeals were filed.

As noted above, the appeals and cross appeals were again dismissed without prejudice and the matter was remanded for reconsideration in light of an intervening Supreme Court case. Plaintiff NiaMo and defendants United States Steel Company ("USX"), Portec, Inc. ("Portec"), and Chevron USA ("Chevron") filed briefs and appeared at oral argument.

An unopposed motion to dismiss claims and counter claims involving King Service, Inc. was granted on July 8, 2008. Through various proceedings and settlements over the years, claims, counter claims, and cross claims against most defendants have been

resolved. Should this remand be decided in favor of NiaMo, only defendants Chevron (regarding Area 3 and its Area 2 right-of-way), the estate of Edwin King, Portec, and USX would remain as defendants.

## III. DISCUSSION

The Court in Atlantic Research held that a potentially responsible person ("PRP"), precluded from suing under § 113(f)[2] because it had not been sued under § 106 or § 107[3], who cleaned a site <u>voluntarily</u> could sue to recover some of its costs under 107(a). Id. at 2335. It did not decide whether costs incurred involuntarily, such as pursuant to a consent decree, "are recoverable under § 113(f), § 107(a), or both." Id. at 2338 n.6. The Court pointed out that § 113(f) contribution actions stem from common liability for cleanup costs, where such costs are equitably apportioned. Id. at 2338. In contrast, a § 107(a) action allows for cleanup cost recovery by any private party that has incurred such costs. Id. A PRP cannot choose a cause of action to impose joint and several liability against another PRP under § 107 to avoid § 113 equitable distribution of costs. Id. at 2338-39. Even if such a PRP could bring a § 107 claim, the harshness of a potential joint and several liability under that section could be blunted by the defendant PRP by filing a § 113(f) counterclaim. See id.

*The issue here is whether, under Atlantic Research, NiaMo, a PRP who has incurred costs involuntarily, can sue pursuant to § 107(a) to recover its response costs.*

The parties parse the language of Atlantic Research to support each side of the issue. However, nothing in Atlantic Research provides authority to change the decisions

---

[2] Codified at 42 U.S.C. § 9613(f).

[3] Codified at 2 U.S.C. § 9607.

made on November 6, 2003, and June 28, 2006, which were grounded in Second Circuit law. In <u>Bedford Affiliates v. Sills</u>, 156 F.3d 416, 425 (2d Cir. 1998), the Second Circuit held that a PRP that is not entitled to a statutory defense could not bring a direct cost recovery action against other PRPs under § 107. 156 F.3d at 425; <u>see</u> <u>Consol. Edison Co. v. UGI Utils. Inc.</u>, 423 F.3d 90, 100 (2d Cir. 2005) (reading <u>Bedford Affiliates</u> to hold that a party that has incurred . . . expenditures under a consent order with a government agency and has been found partially liable under section 113(f)(1) may not seek to recoup those expenditures under section 107(a)). Rather, the <u>Bedford Affiliates</u> Court found that such a PRP may only recover from other PRPs via a contribution action pursuant to § 113(f)(1). <u>Bedford Affiliates</u>, 157 F.3d at 425. After the Supreme Court decided <u>Cooper Industries</u>, the Second Circuit Court of Appeals declined to "revisit <u>Bedford Affiliates</u>." <u>Consol. Edison Co.</u>, 423 F.3d at 100. The <u>Consolidated Edison</u> Court found two distinctions that were critical differences between the two cases: (1) unlike the <u>Consolidated Edison</u> plaintiff, the <u>Bedford Affiliates</u> plaintiff "had entered into two consent orders with the Department [of Environmental Conservation], pursuant to which the plaintiff began cleanup and remedial action," and (2) because the <u>Bedford Affiliates</u> plaintiff had already been "adjudged liable for a portion of the costs of response under section 113(f)(1)" and apportioned five percent of the response costs, permitting a claim "under section 107(a) to seek recovery of one hundred percent of the costs" would circumvent the § 113(f)(1) adjudication. <u>Id</u>. at 101-102.

Although an apportionment of liability has not yet been adjudicated in this case, NiaMo began cleanup and remedial action pursuant to consent orders with the Department of Environmental Conservation. Accordingly, the facts in this case more closely follow the

6

Bedford Affiliates facts, and the holding of that case, undisturbed by the Second Circuit, governs now, as it did at the time of the prior decisions in this case.

Thus, no change to those previous decisions is warranted because the Supreme Court specifically did not decide the issue at hand. The previous determination was based upon application of the law as it stood, and still stands, in the Second Circuit to the undisputed facts of this case.

Additionally, claims against U.S. Steel/USX were dismissed in the November 6, 2003, decision because NiaMo introduced no facts to support liability, and the Supreme Court case did not change that determination. Similarly, NiaMo failed to establish a prima facie case of liability against Portec, which would remain unchanged even if a § 107 claim were permitted.

As to Chevron, claims against it with regard to Area 4 were dismissed, and, again, the Atlantic Research case did not change the basis for that determination. To the extent that NiaMo seeks to recover response costs from Chevron under § 107(a) with respect to any releases by Chevron, such costs are not recoverable under CERCLA because of the type of substances involved (asphalt, kerosene, naphtha, and naphthalene).

Moreover, pursuant to the Consent Decrees, NiaMo is responsible for removal and remediation of manufactured gas plant-related hazardous waste contamination only, that is, hazardous contamination caused by NiaMo itself. Therefore, there would be no response costs in excess of its proportionate share and consequently no cause of action under § 107.

## IV. **CONCLUSION**

Upon reconsideration in light of United States v. Atlantic Research, no change in prior determinations is necessary and all prior rulings stand.

     IT IS SO ORDERED.

_____
United States District Judge

Dated: July 16, 2008
       Utica, New York.